UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEHMET TURKMEN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV1042 HEA |
| ) | |
| ERIC HOLDER, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Preliminary Injunction, [Doc. No. 2]. Defendants oppose the motion. For the reasons set forth below, the Motion is denied.

## Plaintiff's Allegations

Plaintiffs seek an Order from this Court granting a preliminary injunction prohibiting Defendants from issuing biased, unsupported and unlawful denials of Plaintiffs' pending applications for immigration benefits in retaliation for filing suit in this Court. According to the Motion, Plaintiffs advised an Assistant United States Attorney that they were going to file a lawsuit to remedy what they perceived as an unreasonable delay in the adjudication of their applications for immigration benefits. Subsequent to this communication, according to Plaintiffs, certain Plaintiffs'

applications were improperly denied. Plaintiffs claim the denials were an abuse of discretion and were based on a desire to retaliate against Plaintiffs for filing suit. Plaintiffs seek to enjoin this allegedly inappropriate action being taken by Defendants.

## Discussion

In determining whether a preliminary injunction is warranted, the Court is guided by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir.1981). "The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief." *Kansas City Southern Trans. Co., Inc. v. Teamsters Local Union # 41*, 126 F.3d 1059, 1065 (8th Cir.1997) (internal quotation omitted). Injunctive relief is only appropriate where the party seeking the relief has no adequate remedy at law. The relevant factors to be considered by a district court are: "(1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir . 2000) (citing *Dataphase*, 640 F.2d at 114).

No one factor is dispositive of a request for injunction; the Court considers all

of the factors and decides whether "on balance, they weigh towards granting the injunction." *Baker Elec. Co-Op, Inc. v. Chaske*, 28 F.3d 1466, 1472 (8th Cir.1994) (quoting *Calvin Klein Cosmetics Corp. v. Lenox Lab.*, 815F.2d 500, 503 (8th Cir.1987). However, no single factor is dispositive, but the movant must establish a threat of irreparable harm. *Dataphase*, 640 F.2d at 113. Without a finding of irreparable injury, a preliminary injunction should not be issued. *Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir.1989) (en banc). The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Baker* Elec., 28 F.3d at 1472. In this case, the Court finds that the Dataphase factors have not been satisfied, and a preliminary injunction will not issue.

The fatal flaw in Plaintiffs' Motion for Preliminary Injunction is that it is based clearly on speculation and Plaintiff's unsubstantiated belief that Defendants are acting "against" Plaintiffs solely because some of Plaintiffs' applications have been denied since Defendants were advised that they may file a lawsuit seeking resolution of their pending applications. Not only do these contentions border on being preposterous, they are belied by events which have occurred subsequent to the filing of this suit. Since the inception of this action, Plaintiffs Eleuterio Carreon Tapia, Freddy Escobar Lugo, Irian Pavlov, Vohla Vabson, Patrick Kakpata, Nicolas

Vita, Janet Akujuobi, and John Akujuobi have been dismissed from this action because their claims have been rendered moot. Indeed, some of these dismissed Plaintiffs are the plaintiffs which are mentioned by name in the Motion for Preliminary Injunction. Plaintiffs' clearly speculative argument that Defendants are "retaliating" against them by denying their applications cannot withstand the Dataphase analysis.

Plaintiffs' Complaint alleges that Defendants have failed or refused to render a decision on their applications and petitions for immigration benefits in a timely manner, and have "unlawfully" denied certain applications on improper grounds. With respect to the allegation that the applications and petitions have not been adjudicated in a "timely manner," Plaintiffs' probability of success is lacking. This Court has held, in numerous cases filed in this Court, that it does not have the authority to order a resolution of applications within a certain amount of time. Moreover, with respect to Plaintiffs' claims that the applications have been denied for "unlawful" reasons, the Court finds Plaintiffs' probability of success, at this point in time to be less that probable. Plaintiffs' contentions are based on their own beliefs that Defendants are acting vindictively and outside the acceptable manner expected in their employment. Plaintiffs have presented nothing to convince the Court at this juncture that Defendants intentionally and inappropriately deny

applications in retaliation

The second factor also weighs against Plaintiffs. Plaintiffs fail to set forth any irreparable harm they will suffer at the hands of any action taken by Defendants. Certain Plaintiffs no longer have claims against Defendants and others have not even claimed to have been affected by the actions alleged in the Motion. Most importantly, as stated above, Plaintiffs' claims are based on their own speculative belief that Defendants actions are motivated be an animus against Plaintiffs for advising counsel that a suit was to be filed. Claimed irreparable harm cannot be based on unsubstantiated fears of retaliation.

Likewise, the final two factors also weigh against Plaintiffs. Granting an injunction based on Plaintiffs' unsubstantiated beliefs would greatly injure Defendants. It would impinge the integrity of the offices rendering the immigration decisions and would undermine the authority vested in those agencies. Likewise, were the Court to enter the injunction sought by Plaintiffs, the public interest in the systematic adjudication of immigration applications would be completely thwarted. Any and all applicants could simply challenge the "ulterior motives" of agency officials in an effort to expedite their applications. Such a precarious position is clearly outside the public interest of the proper resolution and adjudication of petitions and applications for immigration benefits.

## Conclusion

All four factors weigh against Plaintiffs. In the final analysis, Plaintiffs seek an equitable remedy without supporting evidence that they are entitled to this extraordinary remedy.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Preliminary Injunction [Doc. No.2], is **DENIED**.

Dated this 15th day of March, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE