UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEHMET TURKMEN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:09CV1042 HEA |
| | ) |
| ERIC HOLDER, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss, [Doc. No. 15]. Plaintiffs oppose the motion. The matter is now fully briefed. For the reasons set forth below, the Motion is granted in part and denied in part, without prejudice; the alternative motion to remand is granted as to those Plaintiffs seeking adjudication of their naturalization petitions.[1]

## Introduction

Plaintiffs' Second Amended Complaint alleges the following:

Plaintiffs brought this action against Defendants seeking to compel action on various applications and petitions for immigration benefits filed by or on behalf of Plaintiffs with the United States Citizenship and Immigration Services (USCIS).

---

[1] Defendants alternatively seek severance of Plaintiffs' claims, arguing that they are not properly joined in one action. Because of the Court's ruling herein, the Court need not address the severance issue at this time.

Plaintiffs claim that Defendants have wrongfully withheld adjudication and/or failed to adjudicate the petitions and applications in a timely manner, to Plaintiffs' detriment. Plaintiffs further contend that Defendants have unlawfully denied certain Plaintiffs' applications on improper grounds and in retaliation for filing this suit.

**Facts and Background**

Plaintiffs' base their claims on 28 U.S.C. §§ 1331, the Federal Question Statute; 28 U.S.C. §1361, the Mandamus and Venue Act of 1962 ("Mandamus Act"); and 28 U.S.C. § 2201, the Declaratory Judgment Act ("DJA"); 5 U.S.C. §§ 555(b) and 701 *et seq.*, the Administrative Procedures Act ("APA"). Alternatively, certain Plaintiffs also seek a direct ruling by this Court pursuant to 8 U.S.C. § 1447, Immigration and Nationality Act ("INA").

Since the filing of this action, several Plaintiffs have been dismissed, therefore, this Memorandum and Order will include only those Plaintiffs remaining in this action. The parties have separated Plaintiffs into specific categories with respect to their claims.

Plaintiff Lisa Turkmen, (Plaintiff 1), a citizen of the United States who filed with the USCIS an I-130 Petition for Alien Relative on behalf of her husband, Plaintiff Mehmet Turkmen, (Plaintiff 2), a citizen of Turkey. Mehmet Turkmen

concurrently filed with USCIS an I-485 Application to Adjust Status to Permanent Resident.

Plaintiff Detria Yousaf, (Plaintiff 3), is a citizen of the United States who filed with the USCIS an I-130 Petition for Alien Relative on behalf of her husband, Plaintiff Mohammad Yousaf (Plaintiff 4), a citizen of Tanzania. Mohammad Yousaf concurrently filed an I-485 Application to Adjust Status to Permanent Resident.

Plaintiff Margaret Dundon, (Plaintiff 5), is a citizen of the United States who filed with the USCIS an I-130 Petition for Alien Relative on behalf of her husband, Plaintiff Abubakar Abulfathi, (Plaintiff 6), a citizen of Nigeria. Abubakar Abulfathi concurrently filed with USCIS an I-485 Application to Adjust Status to Permanent Resident.

Plaintiff Salim Khan, (Plaintiff 9), citizen of Burma (Myanmar), filed an N-400 Application for Naturalization. The application is currently pending with the USCIS St. Louis Field Office.

Plaintiff Shellise Sheldon-Maipandi, (Plaintiff 10), is a citizen of the United States who filed with the USCIS an I-130 Petition for Alien Relative on behalf of her husband, Plaintiff Obeth Maipandi, (Plaintiff 11), a citizen of Nigeria.

Plaintiff Bibizwe Mbatha, (Plaintiff 17), a citizen of South Africa, filed with

USCIS an I-485 Application to Adjust Status to Permanent Resident.

Plaintiff Maria Levin, (Plaintiff 22), is a citizen of the United States who filed with the USCIS an I-130 Petition for Alien Relative on behalf of her husband, Plaintiff Nodir Akhmedov, (Plaintiff 23), a citizen of Uzbekistan.

Plaintiff Malik Ali, (Plaintiff 25), is a citizen of the United States who filed with the USCIS an I-130 Petition for Alien Relative on behalf of his wife, Plaintiff Pamela Karanja , (Plaintiff 26), a citizen of Tanzania.  Pamela Karanja concurrently filed with USCIS an I-485 Application to Adjust Status to Permanent Resident.

Plaintiff Shannon Sawlan, (Plaintiff 28), is a citizen of the United States who filed with the USCIS an I-130 Petition for Alien Relative on behalf of her husband, Plaintiff Adnan Sawlan, (Plaintiff 29), a citizen of Yeman.  Plaintiff 28 claims that upon learning of her intent to file a mandamus action with this Court, the USCIS St Louis Field Office unlawfully denied the petition on improper grounds.

Plaintiff Isidro Campos-Romero, (Plaintiff 33) is a citizen of Mexico who filed with the USCIS an I-485 Application to Adjust Status to Permanent Resident. Plaintiff claims that upon learning of his intent to file a mandamus action with this Court, the USCIS St. Louis Field Office unlawfully denied his application on improper grounds.

Plaintiff Mowaffug Shalabi, (Plaintiff 34), is a citizen of Jordan who filed with the USCIS an N-4000 Application for Naturalization.

## Discussion

## Plaintiffs seeking adjudication of I-130 petitions and I-485 applications

Defendants move to dismiss for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction only authorized to adjudicate those cases which the Constitution and the laws of Congress permit. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure may challenge either the facial sufficiency or the factual truthfulness of the plaintiff's jurisdictional allegations. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). When passing on a facial challenge, a court must presume that all of the plaintiff's jurisdictional allegations are true. *Id.* The motion must be granted if the plaintiff has failed to allege a necessary element supporting subject matter jurisdiction. *Id.* A court confronted with a factual challenge must weigh the conflicting evidence concerning jurisdiction, without presuming the truthfulness of the plaintiff's allegations. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1946); *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990).

Defendants do not challenge the truthfulness of the allegations regarding Plaintiffs' claims. Rather, they contend that the bases upon which Plaintiffs bring their Complaint fail to provide the Court with subject matter jurisdiction. Defendants, therefore, facially challenge the Court's subject matter jurisdiction. The Court presumes the truth of Plaintiffs' jurisdictional allegations. Defendants argue that the Plaintiffs' complaints arise from discretionary acts of Defendants. Section 1255(a) of Title 8 provides that the status of an alien may be adjusted by the Attorney General, in his discretion. "Adjustment of status is a discretionary decision committed to the Attorney General. See 8 U.S.C. § 1255." *Dukuly v. Filip*, 553 F.3d 1147, 1149 (8th Cir. 2009). Section 1255(a) provides, in pertinent part:

> The status of an alien. . .may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an applications for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) the immigrant visa is immediately available to him at the time his application is filed.

Defendants argue that because the adjustment of status is committed to the discretion, judicial review of the pace at which the decision on Plaintiff's adjustment of status applications and petitions is precluded.

Defendants further argue that the APA, the Mandamus Act and the Fifth

Amendment do not provide a proper basis for subject matter jurisdiction. This very Court, in *Tan v. Chert off*, 2007 WL 1880742 (E.D. Mo. June 29, 2007), found that it was without jurisdiction to consider the Plaintiff's claim that the pace at which FBI name checks were being conducted was unreasonable.[2]

---

[2] I n *Tan,* the Court held the following with respect to the Mandamus Act: The Mandamus Act provides that "[t]he district courts shall have original jurisdiction in any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir.2006) (citation omitted).

> The Immigration and Nationality Act, 28 U.S.C. § 1255(a) provides:
> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

Pursuant to this statutory authority, USCIS has promulgated regulations governing the adjudication process. See 8 C.F.R. pt. 25. Among the regulations, the USCIS normally uses the following three background checking mechanisms that must be completed before an application may be adjudicated: (1) Interagency Border Inspection System name check, (2) FBI fingerprint check, and (3) FBI

name checks. Notably, none of the regulations provide a time limitation within which USCIS must render a decision on the application or even the amount of time within which the FBI must complete its name check or any other background check component.

Furthermore, 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of discretionary decisions:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--

**(i)** any judgment regarding the granting of relief under section 1182(h), 1182(I), 1229b, 1229c, or 1255 of this title, or

**(ii)** any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

District courts have split on whether the pace that USCIS adjudicates LPR applications is discretionary. Some courts have held that the statutory framework precludes judicial review of the pace at which USCIS adjudicates LPR applications. See *e.g.*, *Patel v. Chertoff* 2007 WL 1223553, \*6 (E.D.Mo.,2007) ("In light of the Attorney General's discretion in evaluating applications for adjustment of status, Plaintiffs cannot establish the second prerequisite to mandamus relief, that Defendants had a non-discretionary duty to act. Moreover, Congress has precluded judicial review of 'any judgment regarding the granting of relief under section ... 1255 of this title [adjustment of status], or ... any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is ... in [their] discretion....' 8 U.S.C. § 1252(a)(2)(B) as amended by the Real ID Act of 2005. Since decisions regarding the evaluation of

an alien's application for adjustment of status are within the Attorney General's discretion, 8 U.S.C. § 1255, section 1252(a)(2)(B) prohibits this Court from entertaining Plaintiffs' requests for relief in the nature of a writ of mandamus. See 8 U.S.C. § 1252(a)(2)(B)."(citations and footnote omitted); *Grinberg v. Swacina*, --- F.Supp.2d ----, 2007 U.S. Dist. LEXIS 19684, at *1 (S.D.Fla. Mar. 20, 2007) ("Sections 242 and 245 of the Immigration and Nationality Act [8 U.S.C. §§ 1252 and 1255] ... preclude judicial review of any discretionary 'decision or action' of the Attorney General in immigration matters includ[ing] the pace at which immigration decisions are made."); *Safadi v. Howard*, 466 F.Supp.2d 696, 698-700 (E.D. Va. 2006) (Section 1255(a) vests USCIS with discretion over the entire process of adjustment application adjudication, and § 1252(a)(2)(B)(ii) precludes judicial review of any action, which includes the pace at which that action proceeds); *Zheng v. Reno*, 166 F.Supp.2d 875, 880-81 (S.D.N.Y.2001) ("Matters within the [USCIS]'s discretion are not reviewable under the mandamus statute. Thus, courts in this district have repeatedly held that mandamus relief is unavailable for delays in the adjustment process.").

Other district courts have concluded that because USCIS has a nondiscretionary duty to render a decision, courts must have jurisdiction in a mandamus suit alleging that USCIS failed to adjudicate an application within a reasonable period of time, or else USCIS could indefinitely delay rendering a decision. See, *e.g.*, *Razaq v. Poulos*, 2007 U.S. Dist. LEXIS 770, at *4 (N.D.Cal. Jan. 8, 2007) ("Congress had to have intended the executive branch to complete these adjudications within a reasonable time-because imposing no time constraint at all on the executive branch would be tantamount to giving the government the power to decide whether it would decide .... A 'duty to decide' becomes no duty at all if it is accompanied by unchecked power to decide when to decide."); *Paunescu v. I.N.S.*, 76 F.Supp.2d 896, 901 (N.D.Ill.1999) ( "Defendants nevertheless had a non-discretionary duty to issue a decision on plaintiffs' applications within a reasonable time."); *Yu v. Brown*, 36 F.Supp.2d 922, 932 (D.N.M.1999) ("[A]djudication must occur within a reasonable time. A contrary position would permit the [USCIS] to delay indefinitely. Congress could not have intended to authorize potentially interminable delays .")

The Court agrees with those courts which conclude that the pace at which USCIS adjudicates plaintiff's application is discretionary. Defendants have not refused to act, rather, they have yet to complete the process. The time within which Defendants complete the process fall squarely within the discretionary

This Court, in *Tan*, also determined that the APA did not provide a basis in that case upon which to exercise jurisdiction. Very recently, however, in *Debba v. Heinauer,* 2010 WL 521002 (8th Cir. 2010), the Eighth Circuit Court of Appeals, in an Opinion not selected for publication, discussed, without deciding, application of the APA to these particular types of claims. The *Debba* Court recognized that district courts in this circuit have found jurisdiction to consider claims of unreasonable delay in adjudication of applications and petitions.

In *Debba*, Plaintiff filed a complaint, invoking the federal question statute, 28 U.S.C. § 1331, the Administrative Procedure Act (APA), 5 U.S.C. § 701, and the mandamus statute, 28 U.S.C. § 1361, asking the court to compel the officials "to perform their duty to adjudicate [Plaintiff's] I-485 application." [Plaintiff] alleged the officials had "willfully and unreasonably delayed and ha[d] refused to adjudicate [his] applications," and that the officials "owe[d] [Plaintiff] a duty to adjudicate [his] applications and ha[d] unreasonably failed to perform that duty."

---

provisions of Section 1255. Because Title 8, Section 1252(a)(2)(B)(ii) specifically excludes these actions from judicial review, the court does not have jurisdiction to entertain plaintiffs' mandamus action.

The officials moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that 8 U.S.C. § 1252(g) and 1252(a)(2)(B)(ii) barred judicial review, that there is no statutory requirement that the officials make a decision on an adjustment application within any specified period of time, and that because the ultimate decision on whether to adjust Plaintiff's status is discretionary and unreviewable under 8 U.S.C. § 1182(d)(3)(B)(I), the reasonableness of the time elapsed before making such a decision is also unreviewable.

Defendants alternatively moved for summary judgment, arguing that any delay by the USCIS in deciding Plaintiff's application was reasonable. In support of their motion, they attached several items which they were considering that were relevant to the determination.

The district court denied the motion to dismiss. The Eighth Circuit noted that the district court had "apparently concluded that it had subject matter jurisdiction under 28 U.S.C. § 1331 to consider Debba's claim based on the APA. *See Califano v. Sanders,* 430 U.S. 99, 104-07 (1977)." *Id.* The district court then granted summary judgment for Defendants, holding that it would "refrain from imposing its own judicially constructed deadline" on the processing of Plaintiff's adjustment application.

The *Debba* Defendants did not argue on appeal that 8 U.S.C. §§ 1252(g) or

1252(a)(2)(B)(ii) barred the district court from considering Plaintiff's claim. The Appellate Court held that it did not need to consider questions of "statutory jurisdiction" *sua sponte,* citing *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 97 n. 2 (1998); *Lukowski v. INS,* 279 F.3d 644, 647 n. 1 (8th Cir.2002); *Royal Siam Corp. v. Chertoff,* 484 F.3d 139, 142-44 (1st Cir.2007); *Kramer v. Gates,* 481 F.3d 788, 790-91 (D.C.Cir.2007). The Eighth Circuit went on to recognize "[b]ecause the APA provides that an agency shall proceed to conclude a matter presented to it 'within a reasonable time,' 5 U.S.C. § 555(b), and states that a reviewing court 'shall compel agency action unlawfully withheld or unreasonably delayed,' *id.* § 706(1), some courts have reasoned that a district court has authority to order the officials to decide an adjustment application if the delay has been unreasonable. *Villa v. U.S. Dep't of Homeland Sec.,* 607 F.Supp.2d 359, 363-64 (N.D.N.Y.2009); *Nigmadzhanov v. Mueller,* 550 F.Supp.2d 540, 543-48 (S.D.N.Y.2008); *Burni v. Frazier,* 545 F.Supp.2d 894, 906 (D.Minn.2008)." *Debba,* 2010 WL 521002 at *2. The Court concluded that it "need not decide whether a case of extreme delay by the relevant federal agency could amount to a 'failure to act,' 5 U.S.C. § 551(13), that would give the district court authority under the APA to compel agency action 'unlawfully withheld.' *Id.* § 706(1). *See Norton v. S. Utah Wilderness Alliance,* 542 U.S. 55, 62-64 (2004)." Even

assuming in the Plaintiff's favor that there is a "reasonable time" requirement for resolving adjustment applications, Plaintiff had not established that the delay in this case was unreasonable. *Id.*

In the instant case, Plaintiffs allege, among other things, that Defendants are deliberately withholding adjudication and are failing to act; they claim Defendants' actions are due to bias or prejudice against certain groups, conducting investigations in an improper manner, and misrepresenting the requirements for approval of the applications and petitions.

Defendants, on the other hand, have submitted the affidavit of Mr. Chester S. Moyer, Field Office Director of the St. Louis office of USCIS. Mr. Moyer declares that a computer search was conducted and that the USCIS is still investigating the facts underlying the applications and petitions, and that the investigations are ongoing.

Because the Court considers the facts of the Amended Complaint as true for the purposes of its jurisdictional determination, the Court is unable to ascertain at this time whether it would have jurisdiction pursuant to the APA based on a finding that Defendants are acting unreasonably in the adjudications of the applications and petitions. Although Defendants contend that the facts are still being investigated, they offer no support for what facts these are and why they are

being investigated.  The Court recognizes that some of the facts involved in the applications and petitions may be sensitive in nature and that Defendants may rightfully seek to withhold disclosure of those facts.  Defendants, however, have not represented to the Court that this is indeed the situation for failing to disclose the facts being investigated.  If this is Defendants' concern, they are at liberty to request an *in camera* inspection by the Court of the facts.

In cases finding that Defendants have not acted unreasonably with respect to the adjudication of the I-130 petitions and I-485 applications, the courts were able to consider the specific facts being considered and actions being taken.  Here, the Court simply has insufficient information to properly assess whether it has jurisdiction to consider Plaintiffs claims based on any unreasonable delays.  As such, the Court will deny the Motion to Dismiss, without prejudice to refiling, as to those Plaintiffs seeking approval of their I-130 petitions and I-485 applications.

## Applications for Naturalization

The Court agrees with Defendants that the claims for adjudication of the applications for naturalization under 8 U.S.C. § 1447(b) should be remanded to the USCIS for adjudication.  While section 1447(b) gives the Court discretion to adjudicate naturalization applications, the majority of courts considering the matter have acknowledged that the USCIS' primary function is to evaluate the merits of

such applications and it is better-equipped to do so. See e.g. *Ahmed v. Holder* WL 3228675, 6 -7 (E.D.Mo.,2009)(remand is appropriate); *Obanigba v. Chertoff*, 2008 WL 294332, *3- 4 (E.D.Mo. Jan.31, 2008) (same); *Fattah et al. v. Gonzales, et al.*, 2007 WL 3119844, *3 (E.D.Mo.2007) (better to remand to action to USCIS for further evaluation); *Wang v. Mueller*, 2007 WL 2873415, *2 (E.D.Mo.2007) (remand to USCIS for final determination); *Shalabi v. Gonzales*, 2006 WL 3032413, *5 20 (E.D.Mo.2006); *Al-Ashwan v. Chertoff*, 2007 U.S. Dist. LEXIS 8677 (E.D.Mo.2007) (remanding because USCIS "is in a better position to complete the application process than this Court").

Thus, as to Plaintiffs whose applications have not yet been finally adjudicated, the Court will remand their applications to the USCIS with specific instructions for those applications to be fully processed and determined as expeditiously as possible.

**Plaintiffs Challenging Various Decisions made by USCIS**

Plaintiff 28 has filed an administrative appeal of the decision to deny her I-130 petition. Thus, there has been no final agency decision and the Court, therefore cannot consider her claim. See, *Patel v. Chertoff* 2007 WL 1223553, 3 (E.D.Mo.,2007)("[F]ederal jurisdiction under the APA is lacking when the agency decision is not final within the meaning of 5 U.S.C. § 704. *National Parks*

*Conservation Assoc. v. Norton,* 324 F.3d 1229, 1239 (11th Cir.2003); *see also Independent Petroleum Ass'n of America v. Babbitt,* 235 F.3d 588, 594 (D.C.Cir.2001); *Attias v. Chertoff,* No. 4:06CV00534 CAS, 2006 WL 1738377, at *2 (E.D. Mo. June 22, 2006) (unreported); *Jabr v. Chertoff,* No. 4:06CV00543 RWS, 2006 WL 3392504, at *2 (E.D.Mo. November 21, 2006) (slip opinion).")

Without an approved petition, Plaintiff 29 is not entitled to approval of his application for adjustment of status. 8 U.S.C. 1255(a). Thus, Plaintiff 29 cannot, at this time, state a claim.

Judicial review of the denial of the application of Plaintiff 33 is precluded by 8 U.S.C. § 1252(a)(2)(B)(I), which provides:

2) Matters not subject to judicial review

* * * * * * * * * *

(B) Denials of discretionary relief

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
(I) any judgment regarding the granting of relief under section 1182(h), 1182(I), 1229b, 1229c, or 1255 of this title[.]

**Conclusion**

Based upon the foregoing, the Motion to Dismiss is **granted** as to Plaintiffs **28**, **29** and **33**. The Motion is **denied** as to Plaintiffs **1**, **2**, **3**, **4**, **5**, **6**, **10**, **11**, **17**, **22**, **23**, **25**, and **26**. The alternative motion to **remand** is **granted** as to Plaintiffs **9** and **34**.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction, Remand, and in the Alternative Sever, is granted in part and denied in part.

**IT IS FURTHER ORDERED** that the claims of Plaintiffs Salim Khan and Mowaffug Shalabi are remanded to the USCIS as provided herein.

**IT IS FURTHER ORDERED** that the claims of Plaintiffs Shannon Sawlan and Adnan Sawlan are dismissed.

**IT IS FURTHER ORDERED** that the Motion to Dismiss the claims of the remaining Plaintiffs is denied, without prejudice.

Dated this 10th day of June, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE